# ˙THE CANTON COMPANY OF BALTIMORE.

*vs.*

## STATE OF MARYLAND.

*Streets: dedication and acceptance; evidence; liquor licenses no evidence. Nuisances on private property: indictments; notice—. Demurrers: effect of—.*

In printing an ordinance in the Code of Baltimore City, certain words as to *notice* in regard to nuisances were omitted; an indictment for an alleged violation of the ordinance quoted the ordinance correctly, and followed the language in which the original ordinance was passed; the indictment was demurred to; as the demurrer admitted the correctness of the facts demurred to, it was *held* to present no sufficient ground for questioning the validity of the indictment.                p. 355

In considering the validity of an indictment, under Ordinance No. 57 of the Mayor and City Council of Baltimore, approved March 17th, 1904 (section 84 of Article 14 of the Baltimore City Code), for the failure to abate a nuisance upon a piece of property in Baltimore City, it is immaterial whether or not the health officer served notice to abate the nuisance on any others than the traverser.                p. 356

Where an indictment, for violating a city ordinance by maintaining a nuisance upon a piece of property, was demurred to, it was: *Held,* that the demurrer admitted the facts, and that

whether the *locus in quo* was or was not a dedicated street was immaterial.                                pp. 356-357

The issuance of liquor licenses by the State for property fronting on the property in question was not evidence to show that the property fronted on was a dedicated and accepted street.
p. 357

*Decided June 23rd, 1915.*

Appeal from the Criminal Court of Baltimore.  (ELLIOTT, J.)

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Daniel R. Randall* and *R. E. Lee Marshall,* for the appellant.

*Edgar Allan Poe, the Attorney-General,* and *Horton S. Smith, Assistant State's Attorney* (with whom was *Lindsay C. Spencer, Assistant State's Attorney,* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of Baltimore City for failure to abate a nuisance existing upon a piece of property in Baltimore City, alleged to belong to the appellant.  There are four counts in the indictment, all being based on Ordinance No. 57 of the Mayor and City Council of Baltimore, passed and approved on the 17th day of March, 1904, and being now section 84 of Article 14 of the Baltimore City Code (1906).

The ordinance in question is as follows:

"It shall be the duty of the Commissioner of Health to carefully inspect all lots, grounds, suspected cellars, premises, possessions, streets, lanes and alleys within the City of Baltimore, and whenever he shall be of

opinion that any of said lots, grounds, suspected cellars, premises, possessions, streets, lanes and alleys within the city are in a state of nuisance, or in such a condition that in warm or unhealthy seasons a nuisance may be thereby created and the health of the citizens endangered, it shall be his duty, and he is hereby directed, to notify the owner or owners, occupier or occupiers *of such lots, grounds, suspected cellars, premises and possessions, and the owner or owners, occupier or occupiers* of the property fronting on such streets, lanes and alleys, his, her or their agents, to have said nuisance, or cause of said nuisance, removed and abated within the time and in the manner prescribed in said notice; and if the said owner or owners, occupier or occupiers, his, her or their agents, shall neglect or refuse to comply with the terms of said notice, the said commissioner, upon the expiration of the time set out in the notice, is hereby directed and empowered to remove the said nuisance, or cause of said nuisance, at the expense of said owner or owners, occupier or occupiers; and the cost of removing said nuisance, or cause of said nuisance, may be recovered by the said commissioner in the name of the Mayor and City Council of Baltimore from the said owner or owners, occupier or occupiers, by suit, if necessary; and, in addition thereto, the said owner or owners, occupier or occupiers, who shall neglect and refuse to comply with the terms and conditions of said notice, shall be guilty of a misdemeanor, and upon conviction shall be subject to a fine of not less than ten ($10) dollars, nor more than one hundred ($100) dollars."

There are four counts in the indictment. The first alleges "that a certain lot, ground and possession within said city, to wit," being therein described and alleged to be commonly known and designated as Robinson street, "was then and there in a state of nuisance and in such condition that in warm or unhealthy seasons a nuisance might be thereby created and the health of the citizens endangered"; that the

Commissioner of Health of said city caused a notice to be served upon the Canton Company, "then and there the owner of said lot, ground and possession, directing it to have said nuisance and said cause of nuisance removed within five days from the time of the serving of said notice, by repairing said lot, ground and possession and repairing the holes then and there existing in and upon said lot, ground and possession," and then it is alleged that the company in violation of the ordinance did neglect and refuse to comply with said notice and with the terms and conditions of said notice, etc. The second count refers to Robinson street as a street, lane or alley, and alleges that the company was the owner. The third count alleges that the company was the occupier of the lot, ground and possession, and the fourth charges that the company was the occupier of Robinson street.

In printing the ordinance in the City Code the words italicized above were omitted, but it was conceded at the argument that they were in the ordinance, as passed. The traverser demurred to the indictment, and each count thereof, and there are twelve bills of exception in reference to the admissibility of evidence. The argument in the brief of the appellant on the demurrer to the indictment was for the most part based on a misunderstanding of the terms of the ordinance, by reason of the error in printing it as mentioned above, and hence that part of the argument is in effect met by the reading of the corrected copy. As the appellant supposed the ordinance to be, by reason of the error in the Code, the notice was to be given to the owner or owners or occupier or occupiers *of the property fronting on such streets, lanes and alleys,* etc. As the several counts in the indictment follow the language of the ordinance, and the demurrer admits the facts alleged therein, there would seem to be no sufficient ground for questioning the validity of the indictment. Nor was the question whether or not Robinson street was in fact a public or private street open on the demurrer, as the admissions by it settled that.

It only remains to consider the exceptions to the admissibility of testimony. The contention of the appellant was that there had been a dedication of the street by the company, and an acceptance by the city, and hence it was not responsible for its condition under the provisions of this ordinance. But the question is whether the testimony offered in these twelve bills of exception, or in any of them, was admissible for the purpose of showing an acceptance. Dr. Long of the Health Department testified that he made an investigation of Robinson street between Baltimore and Pratt streets, and he found conditions which he pronounced nuisances, and he gave notice to the Canton Company to abate them. He was asked on cross-examination: "Did you make any effort to have the nuisances abated by any person other than the Canton Company?" An objection to that by the State was sustained. It is said by the appellant that "The purpose of this testimony was to show that in the first instance the Commissioner of Health, correctly construing the statute to apply to the owners or occupiers of property fronting on the *locus in quo,* attempted to have such owners or occupiers abate the nuisance, and to this end served the required notices upon them." A better illustration of the danger of such testimony could not well be furnished than the facts which exist in this case present. As we have seen above, such is not the correct construction of the statute, and if the Commissioner of Health was misled, as the appellant was, by the error in printing that ordinance, when he discovered his error it was not only his right but his duty to correct it. But it was immaterial in this case whether the city made any effort to have the nuisance abated by any person other than the Canton Company, and the ruling in the first exception was correct. The second was also correct. Whether or not the Health Officer served any one other than the Canton Company could not reflect upon the issues in this case. The third and fourth exceptions presented inquiries as to how long a saloon and several stores along Robinson street had been there. We do not see how they could have been

relevant or material.   Those establishments could have been there, if it had been conceded that the street was still in the company and had never been accepted by the city, just as well as if it is a city street   Such evidence therefore could not have aided the Court, sitting as a jury, in deciding the questions before it.

The fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth exceptions embraced offers to show the issuance of certain licenses for stores and a saloon, but such licenses are issued by the State, and not by the city, and hence we do not understand the relevancy of the evidence, especially as no reasons are pointed out to us why licenses could not be granted for such businesses located on a thoroughfare which has not been accepted by the city.   It does not tend to prove an acceptance by proving conditions which might exist either if the street had been accepted or it had not been accepted. The traverser was permitted to prove that Robinson street was a publicly traveled thoroughfare, how it was improved, lighted, etc., and while it may be conceded that there was some testimony tending to show an acceptance, we are not authorized to review that, or called upon to express any opinion on the subject.   It was for the lower Court, sitting as a jury, to determine the case, according to the law and evidence.   As we find no error in any of the rulings which are presented for our consideration, we must affirm the judgment.

> *Judgment affirmed, the appellant to pay the costs.*